IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT S. CHAPPELL,<br><br>    Defendant.<br>_____/ | No. C 11-4640 CW<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, REMANDING CASE, DENYING MOTION TO REMAND AS MOOT, GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES, IN PART, AND DENYING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

    This is an unlawful detainer action that was filed by Plaintiff Deutsche Bank in state court. Defendant Robert Chappell, who applies to proceed in forma pauperis (IFP), removed it. The removed case was assigned to a magistrate judge who issued an order to show cause (OSC) why the case should not be remanded for lack of federal jurisdiction. Before the magistrate judge issued the OSC, Plaintiff filed a motion to remand, in which it requested attorneys' fees for defending against the frivolous removal. Defendant has not filed an opposition to the motion to remand. On October 7, 2011, the magistrate judge filed a report and recommendation finding no ground for removal and recommending that the case be remanded to the Contra Costa County Superior Court. On October 11, 2011, the case was reassigned to the undersigned district judge.

    The Court has reviewed the magistrate judge's order and finds that it is well-reasoned and correctly decided. Therefore, the

Court adopts the report and recommendation of the magistrate judge and remands the case to the Contra County Superior Court.

The issue of Plaintiff's attorneys' fees was not before the magistrate judge. Plaintiff states that it incurred $700 in legal fees thus far and foresees that it will incur another $2,100 if it has to respond to Plaintiff's opposition to its remand motion and appear before the Court to argue the motion. Because there was no basis for removing this action, the Court grants Plaintiff's motion for attorneys' fees and awards the $700 that it has incurred thus far in defending the improper removal. See 28 U.S.C. § 1447(c) (court may order defendant to pay plaintiff's just costs, including attorneys' fees, incurred as a result of removal); Moore v. Permanente Medical Gp., Inc., 981 F.2d 443, 447 (9th Cir. 1992) (district court has wide discretion to award fees in removal cases).

The Court denies Defendant's application to proceed IFP. The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty and has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B). O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). In his IFP application, Defendant indicates that he works at Home Depot where he earns $1,700 net per month. He also indicates that he receives veterans' payments, but does not indicate the amount. Based on this financial information, the Court finds that Defendant does not qualify for IFP status.

2

1    In summary, the Court adopts the magistrate judge's report
2 and recommendation (docket no. 12), remands the case to the Contra
3 Costa County Superior Court, denies the motion to remand as moot
4 (docket no. 7), grants Plaintiff $700 in attorneys' fees and
5 denies Defendant's application to proceed IFP (docket no. 4).
6 Defendant must pay Plaintiff $700 within fourteen days of the date
7 of this Order.

     IT IS SO ORDERED.

Dated: 10/28/2011

CLAUDIA WILKEN
United States District Judge